UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| DANIEL SEGURA, <br><br> Plaintiff, <br><br> v. <br><br> JO ANNE B. BARNHART, <br> Commissioner of Social Security <br><br> Defendant. | No. EDCV 05-00549 SH <br><br> MEMORANDUM DECISION |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. The parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. 405(g) which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified

transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On October 22, 2002, Plaintiff filed an application for Supplemental Security Income, alleging he became disabled on October 1, 2002. Plaintiff claimed that he was unable to work due to back and head injury, arthritis, mental illness, substance dependence, incarceration, and Hepatitis C. [AR 11] On June 24, 2004, an Administrative Law Judge ("ALJ") determined that Plaintiff was not eligible for Supplemental Security Income. [AR 18]

Plaintiff brings forth two challenges to the ALJ's decision. Plaintiff alleges (1) that the ALJ erred by not adequately considering the opinion of the treating physician, Jesse DeVera, M.D, and his treatment team, and (2) that the ALJ improperly dismissed the Clinical Assessment completed by the treating therapist Karen Banks, B.A, by not discussing any reason for leaving her assessment out of his decision. For the reasons discussed below, the Court concludes that the decision of the Commissioner should be affirmed.

**ISSUE NO. 1**

Plaintiff asserts that the ALJ erred by disregarding the opinion of the treating physician. Plaintiff makes three basic contentions regarding this issue. The first argument the plaintiff puts forward is that the ALJ improperly dismissed Dr. DeVera's diagnosis by stating that the physician's forms appear to be "based solely on subjective complaints by the claimant." [AR 15] Plaintiff contends that Dr. DeVera did not specifically state that he was basing his opinion solely on the claims of the plaintiff, and therefore Dr. DeVera's opinion should not be dismissed.

In making any findings, an ALJ may legitimately draw reasonable inferences logically flowing from the evidence. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). According to Dr. DeVera, Plaintiff was suffering from a depressive disorder, and demonstrated a Global Assessment of Functioning (GAF) score of 50

(serious impairment in social, occupational, or school functioning). [AR 134] While Dr. DeVera did not explicitly state that this analysis was based solely on the subjective complaints by the claimant, there is no evidence to the contrary. The medical records of Dr. DeVera consist of checked boxes and Dr. DeVera's responses to the plaintiff's self-reported symptoms. [AR 134-35, 144-45, 147-48, 153] Plaintiff met with Dr. DeVera for only five to ten minutes each month, and there is no evidence of any medical exams given. [AR 156] Plaintiff himself complained that his meetings with Dr. DeVera were only short, perfunctory appointments, required to keep up his prescriptions. [AR 156] For these reasons the ALJ reasonably inferred that Dr. DeVera's analysis of Plaintiff was based simply on Plaintiff's subjective complaints and comments to the doctor.

Because Dr. DeVera's analysis was based on subjective complaints, the ALJ was permitted to dismiss Dr. DeVera's opinion once he found that the plaintiff lacked credibility. If a physician's opinion is premised on a claimant's subjective complaints which are discounted by the ALJ, then the ALJ may disregard that opinion. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989). The Commissioner's assessment of Plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). If the Commissioner chooses to disregard a plaintiff's testimony, the Commissioner must set forth specific cogent reasons for disbelieving it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). The ALJ found Plaintiff to be not credible based primarily on the findings of Dr. Linda Smith and Dr. Mark D. Pierce.

In her medical report, Dr. Smith stated that the plaintiff did not give a credible history, and that the plaintiff was vague and evasive with answers to her questions. [AR 156] She found that the plaintiff did not know what particular symptoms were, such as panic attacks and paranoia, although he claimed to suffer from them. [AR 156] Dr. Pierce made findings against Plaintiff's credibility as well. He found that the plaintiff had not kept his psychiatric medications current, despite complaints of

depression and psychosis. [AR 199] He also found the plaintiff's score on a mental examination to be low because of a lack of motivation, as opposed to actual inability to perform. [AR 201] The ALJ relied on sufficient evidence to conclude that the plaintiff was not credible, and the plaintiff did not contest these credibility findings of the ALJ. Therefore, the ALJ did not commit an error by dismissing Dr. DeVera's reports, which were based solely on plaintiff's statements.

The plaintiff puts forward a second argument regarding the rejection of Dr. DeVera's testimony, alleging that the ALJ improperly stated that Dr. DeVera's opinion was inconsistent with the objective medical evidence. Plaintiff argues that the ALJ did not specify the evidence which was contradictory to Dr. DeVera's findings. The court finds that the ALJ appropriately found that Dr. DeVera's opinion was not consistent with the objective medical evidence laid out in the decision.

The objective medical evidence contradicts Dr. DeVera's finding that plaintiff is unable to work because of his mental limitations. While Dr. DeVera found that plaintiff would be unable to effectively function at a job, several other physicians found otherwise. [AR 134-35] Dr. Smith found that claimant had the ability to understand, remember, and complete simple tasks. [AR 160-61] Dr. Pierce determined that claimant could adequately concentrate for a regular work schedule for a full workweek. [AR 202] Dr. Joseph Malancharuvil, a non-examining physician who was present assessing the plaintiff's testimony, determined that with the symptoms and disorders found by Dr. DeVera, Plaintiff should still be able to work. [AR 35] The State Agency Board Certified Psychiatrist also found that the level of impairment reported by claimant was not supported by objective evidence, and that he was not suffering severe functional limitations. [AR 168] Based on the objective medical record provided by these physicians, the plaintiff's condition appears to differ greatly from the findings of Dr. DeVera. Although the ALJ did not directly juxtapose the findings of Dr. DeVera and the other doctors in his decision,

the existence of these specific contradictory findings throughout his decision were sufficient to reject Dr. DeVera's analysis.

It should also be noted that it is not required that Dr. DeVera's opinion be inconsistent with "the objective medical evidence" in order for it to be disregarded. As mentioned above, the opinion of Dr. DeVera was based on the subjective statements of a plaintiff who lacked credibility. This is sufficient reason for the ALJ to dismiss the doctor's findings. Fair, 885 F.2d at 605. Regardless of whether the objective medical evidence conflicted, it would have been harmless error by the ALJ to dismiss Dr. DeVera's findings since he had found his opinion invalid for other reasons.

The final argument that the plaintiff makes concerning the ALJ's consideration of the treating physicians is that the ALJ failed to fully develop the record by not obtaining a clearer version of the notes from the San Bernardino Behavioral Health Center ("The Center"). The plaintiff contends that the case should be remanded with instructions to acquire a clear version of the notes from The Center.

While discussing the records from The Center, the ALJ stated that the treatment notes were "mostly illegible." [AR 13] Examining the record, only one page of notes is mostly illegible to the Court. [AR 146] Additionally, this page, and several others from The Center are reports of the plaintiff's subjective complaints and symptoms. As mentioned above, because of the plaintiff's low credibility, these reports would have little weight, if any. Therefore, these did not constitute significant evidence. The ALJ need not discuss all evidence presented, but only explain why "significant evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The court finds that the ALJ did not commit a material error by not obtaining a clarified version of the notes from The Center.

**ISSUE NO. 2:**

Plaintiff also asserts that the ALJ erred by discounting the Clinical Assessment of Karen Banks, B.A. Ms. Banks was working at the San Bernardino County Department of Behavioral Health when she saw Plaintiff. She primarily recorded his answers to questions concerning his history, and made an assessment of Plaintiff's dysfunction rating. She did not administer any other examinations or tests. From the record it appears Ms. Banks only met with Plaintiff once. [AR 149-52]

Although Ms. Banks is a member of the plaintiff's treatment team at The Center, her opinion is not significant and probative, and therefore did not require an explanation for why it was rejected. Id. Ms. Banks's lack of any medical training or education puts her outside the category of acceptable medical sources. 20 C.F.R. § 416.913 (a). Additionally, Ms. Banks's finding that the plaintiff suffers from severe dysfunction is based on the self-report of the plaintiff, which, as stated above, lacks credibility. Her finding that Plaintiff was unable to work contradicted her determination that Plaintiff was organized and coherent, and demonstrated average intellectual functioning, judgment, and insight. [AR 151-52] Finally, since Ms. Banks is a member of The Center's treatment team, it appears it would have been considered by Dr. DeVera in his reports. In light of these factors, Ms. Banks's assessment could be found to be neither significant nor probative, and the ALJ did not commit error by dismissing it without discussion. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

The plaintiff's argument that the evidence must be considered even though it is not by an acceptable medical source references cases dealing with lay evidence from close friends and family members, and where the medical evidence is lacking or does not contradict the lay testimony. Merril v. Apfel, 224 F.3d 1083, 1086 (9th Cir. 2000); Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 975 (9th Cir. 2000). The present case contrasts starkly with those cited

by the plaintiff, as it concerns a report that was contrary to the weight of the medical evidence and was offered by someone who met briefly with the plaintiff. The ALJ therefore did not commit error by omitting the assessment of Ms. Banks from his discussion.

## **ORDER**

In accordance with the foregoing, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

DATED: July 3, 2006

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE